IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. NOS. 98-00183-RV-C |
| ) | 98-00184-WS-C |
| PERRY MALONE ) | |

**UNITED STATES' SUPPLEMENTAL RESPONSE TO MALONE'S MOTION FOR A REDUCED SENTENCE**

The United States, by and through Richard W. Moore, the United States Attorney for the Southern District of Alabama, submits this supplemental response in opposition to Perry Malone's ("Malone's") motion for a reduced sentence under the First Step Act of 2018. This Court ordered the United States to file a supplemental brief addressing the impact of the Eleventh Circuit's decision in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020), on its position in this case. For the reasons that follow, the United States respectfully urges this Court to deny Malone's motion for a sentence reduction. The United States previously addressed the background of this case in its previous response and opposition. Now, the United States limits its focus to the impact of *Jones*.

**I.      The *Jones* Decision**

In short, Congress allowed certain defendants who had committed crack cocaine offenses to seek sentence reductions on a discretionary basis under Section 404 of the

1

First Step Act. First Step Act of 2018, Pub. L. 115-391, Tit. IV, § 404, 132 Stat. 5194, 5222 (2018). Specifically, a sentencing court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* at § 404(b). Essentially, the statute allowed certain defendants who were sentenced before the passage of the Fair Sentencing Act (which changed several crack cocaine quantity thresholds) to seek reductions consistent with that statute.

A defendant's eligibility turns on whether the defendant committed a "covered offense," meaning "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* at § 404(a). Then, a sentencing court may impose a reduced sentence "as if" the Fair Sentencing Act were in effect at the time. *Id.* at § 404(b). Finally, Congress qualified that all sentence reductions are discretionary and that a defendant has only one opportunity to make such a motion. *Id.* at § 404(c).

The Eleventh Circuit interpreted this statute in *Jones*. First, the Court "reject[ed] the argument by the government that a district court must determine a movant's 'covered offense' by considering the specific quantity of crack cocaine involved in the movant's violation." 962 F.3d at 1301. The Court concluded that this interpretation isolated the term "violation" from its context within the statute. *Id.* Nonetheless, the Court emphasized that the drug quantity remains relevant as a matter of discretion. *Id.*

2

("The actual quantity of crack cocaine involved in a violation is a key factor for a sentence modification just as it is when a district court imposes a sentence.").

Moreover, the Court addressed the scope of a defendant's relief, explaining that the "'as-if' requirement" in § 404(b) "imposes two limits relevant to these appeals." *Id.* at 1303. First, the Court noted that the First Step Act "does not permit reducing a movant's sentence if he received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." *Id.* Second, the Court concluded that "the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." *Id.* The Court affirmed the denials of two First Step Act motions on these grounds: (1) the Court concluded that this Court appropriately rejected a defendant's argument that he could challenge his 75-kilogram drug quantity finding from sentencing; and (2) the Court concluded that another defendant could not challenge his statutory life sentence based upon a drug quantity finding made at sentencing. *Id.* at 1304.

## II.   Impact of the *Jones* Decision

Malone received life sentences as a result of his convictions in two federal cases before this Court: Case No. 98-00183 and Case No. 98-00184. Both cases centered on Malone's distribution of cocaine and crack cocaine as part of separate conspiracies. In his present motion, Malone acknowledges that his indictment asserted more than 280 grams of crack cocaine. [Case No. 98-00183, Doc. No. 265, pp. 2, 4]   First, the

3

indictment in Case No. 98-00183 charged him with conspiracy to possess more than 5 kilograms of cocaine and 1.5 kilograms of crack cocaine. [*Id.*, pp. 2–3]  Second, the indictment in Case No. 98-00184 charged Malone with a conspiracy to distribute approximately 1 kilogram of crack cocaine. [*Id.*, p. 4]  A separate count charged him with aiding and abetting in connection with 285 grams of crack cocaine. [*Id.*]

Both sentencing judges in Malone's case subsequently adopted the findings in the presentence investigation report (the "PSI"), which implicated Malone in at least 1.5 kilograms of crack cocaine for each conspiracy.  In Case No. 98-00183, the Court found as follows: "The testimony that the Court is aware of is adequate to allow the Court to conclude that the Defendant is responsible for more than 1.5 kilos of crack cocaine in the offense and did give untruthful testimony at trial." [Case No. 98-00183, Doc. No. 260, p. 68]  Subsequently, the Court adopted the findings in the PSI in Case No. 98-00184.  [Case No. 98-00184, Doc. No. 270, p. 4]  Malone also had a long criminal record, including multiple convictions related to his possession and distribution of cocaine.  *See* [Case No. 98-00183, Doc. No. 260, p. 74]

In his present motion, Malone seeks a reduced sentence of 262 months under Section 404 of the First Step Act. [Case No. 98-00183, Doc. No. 265, p. 13][1]  He asserts that he "has served approximately 258 months of actual custody." [*Id.*]  Malone argues

---

[1]   Malone's motion is Docket Entry No. 282 in Case No. 98-00184.

both that he is eligible for a reduction under the terms of Section 404 and that this Court should exercise its discretion to reduce his sentence. First, he contends that this Court cannot rely on judge-found sentencing facts for purposes of a First Step Act motion. [*Id.*, p. 7] Second, he claims that he should receive a reduced sentence because he has pursued various rehabilitation opportunities while incarcerated. [*Id.*, p. 10] This Court directed the United States to respond, and this is the United States' response in opposition.

## II. Standard of Review

This motion implicates two statutes, the First Step Act of 2018 and the Fair Sentencing Act of 2010 (the "Fair Sentencing Act"). As discussed in more detail below, defendants who are sentenced for violating the Controlled Substances Act typically are subject to various statutory penalties. *See* 21 U.S.C. § 841(b)(1). Generally, these statutory penalties become higher depending on the quantity of the controlled substance involved. *Id.* At the time of Malone's conviction, a defendant was subject to the highest range of statutory penalties in § 841(b)(1)(A) if the defendant was responsible for at least 50 grams of crack cocaine. In 2010, Congress passed the Fair Sentencing Act, which changed some of these penalty thresholds. Fair Sentencing Act of 2010, Pub. L. 111-220, § 2, 124 Stat. 2372 (2010). Relevant here, Congress changed the threshold for 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams, and it changed the threshold for 21 U.S.C. § 841(b)(1)(B) from 5 grams to 28 grams. *Id.* By and large,

the Fair Sentencing Act was not retroactive to defendants who had been sentenced before Congress enacted it. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012) (concluding that the Fair Sentencing Act applied "to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3").

Congress provided a limited retroactive remedy for pre-Fair Sentencing Act crack cocaine offenders in December 2018, when it passed the First Step Act. Under Section 404 of the First Step Act, certain defendants are eligible to seek a reduced sentence if they meet the criteria under Section 404. Section 404 requires a multi-step analysis. First, a defendant is only eligible if he received a sentence for a "covered offense," which "means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." First Step Act of 2018, Pub. L. 115-391, Tit. IV, § 404(a), 132 Stat. 5194, 5222 (2018). Second, a defendant is only entitled to narrow relief, specifically "a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.*, § 404(b). Finally, even if a defendant is eligible for the relief he seeks, this Court has broad discretion to determine whether to grant that relief. *Id.*, § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). The sentencing factors in 18 U.S.C. § 3553(a) inform the Court's discretion.

6

### III.     Discussion

This Court should deny Malone's motion for two reasons.  First, Malone remains ineligible for relief because he was subject to a statutory sentence of life imprisonment.  Second, the § 3553(a) factors do not support relief here.

### A.     Malone was Subject to a Statutory Sentence of Life

The *Jones* Court focused on the facts relevant to a defendant's *statutory* penalty.  962 F.3d at 1303.  The Court made clear that "the First Step Act does not permit a reduction when the Fair Sentencing Act could not have benefitted the movant."  *Id.*  Instead, a defendant remains bound by the drug quantities that established a statutory penalty.  *Id.*

The record in Malone's case reflects that he was subject to multiple statutory life sentences for his crack cocaine offenses.  Malone previously recognized that the United States had filed an enhancement pursuant to 21 U.S.C. § 851 in his case.  [Case No. 98-00183, Doc. No. 265, pp. 2–4]  Malone's presentence investigation report (the "PSI") referenced the statutory penalties.[2]  At Malone's sentencing hearing in Case No. 98-00183, the Court clearly found that Malone was "responsible for more than 1.5 kilos of crack cocaine in the offense and did give untruthful testimony at trial."  [Case No. 98-

---

[2]    At the time of Malone's sentencing, the Court's practice did not always incorporate the PSI into the formal docket.  Given the age of the case, the United States will move separately to submit a copy of Malone's PSI under seal to ensure that it is part of the record of the case.

7

00183, Doc. No. 260, p. 68] The Court also addressed the § 851 enhancement and observed that Malone's prior convictions "would result in the Defendant being sentenced to a mandatory term of life imprisonment without release . . . ." [*Id.*, p. 74] The Court then imposed a life term of imprisonment. [*Id.*, p. 76] Similarly, in Malone's sentencing hearing in Case No. 98-00184, the United States pointed out that his statutory requirement was a life sentence. [Case No. 98-00184, Doc. No. 270, p. 5] The Court also overruled Malone's objections to the PSI. [*Id.*, p. 4]

Given the Court's decision in *Jones*, Malone has no basis to contest his drug quantity findings from sentencing. Those findings subjected him to a life sentence as a statutory matter, and thus his motion should be denied. *Jones*, 962 F.3d at 1304 (denying a sentence reduction for a defendant who "was sentenced to a statutory mandatory sentence of life imprisonment based on a drug-quantity finding of 287 grams of crack cocaine and his three prior felony drug convictions").

### B.     The 18 U.S.C. § 3553(a) Factors Support Denial of Malone's Motions

Even if Malone were eligible for a sentence reduction, the Court should deny it for the reasons the United States previously outlined in its motion. Indeed, the United States urges the Court to note in the alternative that it would deny his motion on the basis of the factors in § 3553(a). *See United States v. McLellan*, 958 F.3d 1110, 1116–17 (11th Cir. 2020) (declining to analyze the merits of a legal issue when a decision either way would not affect the defendant's sentence). Although Malone indicates in his

motion and his reply that his conduct in prison supports a reduction, this Court should not ignore the nature and extent of Malone's criminal conduct. Indeed, the *Jones* Court emphasized that "[t]he actual quantity of crack cocaine involved in a violation is a key factor for a sentence modification just as it is when a district court imposes a sentence." 962 F.3d at 1301.

## IV. Conclusion

In sum, the United States respectfully urges the Court to deny Malone's motions for relief.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY
By:

*/s/ Scott A. Gray*
Scott A. Gray (grays6387)
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama  36602
Telephone:  (251) 441-5845
Fax:  (251) 441-5131